**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF LOUISIANA**

**UNITED STATES OF AMERICA**                    **CRIMINAL ACTION**


**VERSUS**                                                    **NO: 23-224**


**TEVIN BORNES**                                          **SECTION "H"**


**ORDER AND REASONS**

Before the Court is Defendant Tevin Bornes's Motion for Withdrawal of Guilty Plea (Doc. 96). For the following reasons, Defendant's Motion is **DENIED**.


**BACKGROUND**

On October 5, 2023, a federal grand jury returned an indictment charging Defendant with the following four counts: (1) possession with the intent to distribute controlled substances in violation of 18 U.S.C. §§ 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C); (2) possession of firearms in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 942(c)(1)(A)(i); (3) possession of a machinegun in violation of 18 U.S.C. §§ 922(o) and 924(a)(2); and (4) felon in possession of a firearm in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(8). The Court appointed a Federal Public Defender, Maura Doherty, to represent Defendant.

Upon the request of counsel, the Court set a rearraignment hearing.[1] Before rearraignment, Defendant moved to substitute his counsel, and the Court appointed Michael Kennedy from Center for Justice & Accountability ("CJA") panel. Defendant also filed two motions seeking to dismiss Counts Two and Four of his Indictment, but the Court denied both.[2]

On July 2, 2025, Defendant appeared before the Court and entered a plea of guilty as to all four counts. The Court set Defendant's sentencing for October 15, 2025. On October 10, 2025, Defendant filed the instant Motion to withdraw his plea. The Government opposes.[3] The Court held an evidentiary hearing on the Motion on March 24, 2026, and Defendant declined to take the stand, invoking the Fifth Amendment.

## LAW AND ANALYSIS

Defendant argues that his guilty plea should be withdrawn because he is factually innocent and lacked a full understanding of the potential consequences of his plea. Defendant further argues that the withdrawal of his guilty plea would not prejudice the government, inconvenience the Court, or waste judicial resources.

Federal Rule of Criminal Procedure 11(d)(2)(B) provides that "[a] defendant may withdraw a plea of guilty or nolo contendere: . . . after the court accepts the plea, but before it imposes sentence if: . . . the defendant can show a fair and just reason for requesting the withdrawal." The burden of

---

[1] Defendant's rearraignment hearing was originally set for October 2, 2024. Defendant moved to continue his rearraignment five times. The Court granted each.

[2] Doc. 61.

[3] Doc. 99.

establishing such a "fair and just reason" remains at all times with the defendant.[4] There is no absolute right to withdraw a guilty plea.[5]

In *United States v. Carr*, the United States Court of Appeals for the Fifth Circuit stated that:

> Seven factors are to be considered in deciding such a motion:
>
> (1) whether the defendant has asserted his innocence;
> (2) whether withdrawal would prejudice the Government;
> (3) whether the defendant delayed in filing the motion and, if so, the reason for the delay;
> (4) whether withdrawal would substantially inconvenience the court;
> (5) whether adequate assistance of counsel was available to the defendant;
> (6) whether his plea was knowing and voluntary; and
> (7) whether withdrawal would waste judicial resources.[6]

In considering these factors, this Court finds that they weigh against granting Defendant's Motion for Withdrawal of Guilty Plea. First, while Defendant's Motion asserts that he is innocent and that there is a lack of evidence sufficient to support the charges against him, Defendant has not provided any evidence or testimony supporting that assertion. On the contrary, at his rearraignment hearing, Defendant repeatedly testified that he was guilty on all counts and admitted to the facts in the factual basis. "Under the *Carr* framework, the defendant must not only assert his innocence, but also provide a substantial supporting record for this assertion in order to support his motion to withdraw."[7] Defendant's prior rearraignment testimony casts serious doubt on his assertion of innocence, and he offers no evidence of his

---

[4] United States v. Still, 102 F.3d 118, 124 (5th Cir. 1996).

[5] *Id.*

[6] United States v. Gaitan, 954 F.2d 1005, 1011 (5th Cir. 1992) (citing United States v. Carr, 740 F.2d 339, 343–44 (5th Cir. 1984)).

[7] United States v. Strother, 977 F.3d 438, 445 (5th Cir. 2020) (quotation marks omitted).

innocence here. Because Defendant has not provided the Court with a substantial supporting record of his innocence, the first factor weighs against allowing Defendant to withdraw his guilty plea.

As to the second, fourth, and seventh factors, the Court finds that granting Defendant's motion would not substantially prejudice the Government, inconvenience the Court, or waste judicial resources. Accordingly, these factors are neutral.

As to the third factor, Defendant filed this Motion more than three months after his guilty plea was entered, a month after he filed objections to the U.S. Probation Office's Draft Presentence Report, and just five days before he was scheduled to be sentenced. In *Carr*, the Fifth Circuit ruled that a motion was "not promptly filed" when the defendant waited just twenty-two days after his plea to do so.[8] As the court explained, "the rationale for allowing a defendant to withdraw a guilty plea is to permit him to undo a plea that was unknowingly made at the time it was entered. The purpose is not to allow a defendant to make a tactical decision to enter a plea, wait several weeks, and then obtain a withdrawal if he believes that he made a bad choice in pleading guilty."[9] Without assuming what, if any, tactical decision Defendant was making during the time between his plea and the filing of the instant Motion, the Court finds that this factor weighs against allowing Defendant to withdraw his plea.

As to the fifth factor, the Fifth Circuit has advised that the Court should consider "whether counsel was available to the defendant throughout the proceedings."[10] Defendant has been represented by counsel since his initial

---

[8] 740 F.2d at 345.

[9] *Id.*

[10] United States v. Tran, No. 21-30608, 2022 WL 17832289, at *5 (5th Cir. Dec. 21, 2022) (quoting United States v. Lord, 915 F. 3d 1009 (5th Cir. 2019)).

appearance before the Magistrate Judge, and his current counsel, Michael Kennedy, was enrolled for approximately nine months at the time Defendant entered his guilty plea. Further, Defendant's counsel represents that he "closely advise[d] [the Defendant] regarding the charges and possibl[e] defenses."[11] Defendant testified at his rearraignment hearing that he had conferred with his counsel and was satisfied with his representation. Here, he offers no evidence to the contrary. Accordingly, this factor weighs against allowing Defendant to withdraw his plea.

As to the sixth factor, Defendant's Motion asserts that he lacked full understanding of the potential consequences of a guilty plea. Defendant has provided no evidence on this point. Further, in the plea colloquy during Defendant's rearraignment, the Court thoroughly explored whether the plea was being entered knowingly and voluntarily and found that it was. During this colloquy, Defendant affirmed his understanding of the charges against him, the factual basis, and the potential consequences of his guilty plea. Accordingly, this factor also weighs against granting Defendant's motion. Because the Carr factors weigh against allowing Defendant to withdraw his guilty plea, his Motion must be denied.

## CONCLUSION

For the foregoing reasons, Defendant's Motion for Withdrawal of Guilty Plea (Doc. 96) is **DENIED**.

**IT IS FURTHER ORDERED** that a Sentencing Hearing for Defendant Tevin Bornes shall be **SET** for the 13th day of May 2026 at 9:30 a.m.

---

[11] Doc. 96-1 at 3.

6

New Orleans, Louisiana this 1st day of April, 2026.

**JANE TRICHE MILAZZO**
**UNITED STATES DISTRICT JUDGE**